UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

ALL UNDERWRITERS
SUBSCRIBING TO POLICY OF
INSURANCE NUMBER
DWMZ15055BAA, etc., et al.

    Plaintiffs,

v.                                                CASE NO. 3:24-cv-125-TJC-SJH

NORTH FLORIDA SHIPYARDS,
INC., etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel Compliance with Federal Subpoena Duces Tecum to Jones Superyacht Miami, Inc. ("Motion"). Doc. 22. Plaintiffs allege that they served a subpoena duces tecum on nonparty Jones Superyacht Miami, Inc. ("Jones Superyacht") but that Jones Superyacht failed to comply. *Id.* at 2-3. A copy of the subpoena at issue is attached to the Motion ("Subpoena"). Doc. 22-1. In the Motion, Plaintiffs move to compel Jones Superyacht to comply with the Subpoena pursuant to Rule 45, Federal Rules of Civil Procedure ("Rule(s)"). Doc. 22 at 3.[1]

---

[1] The Motion fails to comply with Local Rule 3.01(g) and does not indicate it has been served on Jones Superyacht. *See* Doc. 22 at 3-4. Each of these failures independently warrants

A motion to compel under Rule 45 must be filed in "the court for the district where compliance is required[.]" Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 45(g). "The prevailing rule across federal courts, and the courts within this circuit, is that a subpoena's place of compliance is the district where documents are to be produced." *Celestin v. City of Ocoee*, No. 6:21-cv-896-RBD-EJK, 2022 WL 833131, at *1 (M.D. Fla. Jan. 13, 2022) (collecting cases); *see also Lebarr v. Lay*, No. 3:20-cv-88-HLA-JBT, 2022 WL 2275172, at *1 (M.D. Fla. June 23, 2022); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-PGB-LHP, 2022 WL 1619393, at *1 (M.D. Fla. Apr. 19, 2022). Any other district lacks jurisdiction over a Rule 45 motion to compel. *See Lebarr*, 2022 WL 2275172, at *1; *Celestin*, 2022 WL 833131, at *1; *Taser Int'l*, 2022 WL 1619393, at *1.

Here, the Subpoena commanded the production of documents in Coral Gables, Florida. Doc. 22-1 at 3. Nevertheless, and without any discussion or explanation, Plaintiffs contend that "this Court has the authority to compel Jones Superyacht to produce the requested documents" pursuant to Rule 45. Doc. 22 at 3. That is not so. Because the Subpoena from Plaintiffs commanded the production of documents in Coral Gables, Florida, the Middle District of Florida lacks jurisdiction over the

---

denial of the Motion. *See, e.g.*, *Gray v. Am. Marine Design Corp.*, No. 3:20-cv-1331-BJD-PDB, 2022 WL 18492519, at *1 (M.D. Fla. July 18, 2022); *Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. 12-cv-257-JJB-RLB, 2014 WL 68604, at *1 (M.D. La. Jan. 8, 2014). Moreover, though it is in turn unclear whether and to what extent the Motion is opposed (or, as to Jones Superyacht, is even known), upon consideration, the Court does not deem a response necessary, *see Hot Wheels Lux, LLC v. Morris*, No. 6:23-cv-394-PGB-DCI, 2024 WL 2273373, at *1 & n.1 (M.D. Fla. Apr. 10, 2024), and the Motion is further due to be denied as stated herein.

Motion. *See Lebarr*, 2022 WL 2275172, at *1; *Celestin*, 2022 WL 833131, at *1; *Taser Int'l*, 2022 WL 1619393, at *1.

Accordingly, the Motion (Doc. 22) is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on March 13, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record